UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JASON M. MEYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:10-cv-99 |
| ) | |
| REYNOLDS COUNTY MISSOURI, ) | Jury Trial Demanded |
| Serve: Donald Barnes ) | |
| 2319 Green Street ) | |
| Centerville, Missouri 63633 ) | |
| ) | |
| and ) | |
| ) | |
| Serve: Mike Harper ) | |
| 2319 Green Street ) | |
| Centerville, Missouri 63633 ) | |
| ) | |
| and ) | |
| ) | |
| RANDY CASH, ) | |
| Serve: RR BOX 111 ) | |
| Lesterville, MO 63654 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**PERSONAL INJURY**

COMES NOW Plaintiff Jason M. Meyer, and for his Complaint against Defendants Reynolds County and Randy Cash, states as follows:

1.  The Plaintiff Jason M. Meyer is a citizen of the state of Illinois. The Defendant Reynolds County is a citizen of the state of Missouri. The Defendant Randy Cash is a citizen of the state of Missouri. The amount in controversy without interest and costs, exceeds $75,000.00, thereby establishing the diversity jurisdiction of this Court, pursuant to 28 U.S.C. §1332.

2. At all relevant times Defendant Randy Cash was the agent, servant and employee of Reynolds County and was acting within the scope and course of that agency and employment relationship at the time of the incident described in this Complaint.

3. On August 10, 2009, while performing work on a roadgrader in Reynolds County, Missouri, Mr. Meyer was struck in the face by a chain box when Defendant Randy Cash, the operator of the roadgrader negligently put the roadgrader into gear.

## COUNT I – NEGLIGENCE

4. Plaintiff hereby adopts the allegations set forth in paragraphs 1 through 4, the same as if fully set forth herein.

5. Defendant Reynolds County, by and through its agent Defendant Randy Cash owed Plaintiff a duty to operate the road grader with the highest degree of care for the safety of others or that degree of care that a very careful and prudent person would use under the same or similar circumstances, including the duty to keep a careful lookout and a duty not to place the roadgrader into gear when Plaintiff was positioned in such a way that putting the roadgrader into gear would likely result in Plaintiff being struck in the face by the chain box.

6. Defendant Reynolds County, by and through its agent Defendant Randy Cash breached this duty to Plaintiff by failing to keep a careful lookout and by placing the roadgrader in gear after being told not to place the roadgrader into gear by Plaintiff, while Plaintiff was working in close proximity to the gear box.

7. As a direct and proximate result of Defendants' breach of their legal duty to Plaintiff to take proper care to avoid injury to Plaintiff, Plaintiff suffered severe injuries to his face, including fractures to his left cheek and nose, lacerations to his lips,

injuries to his teeth and significant nerve damage in his face.  As a further result of said injuries Plaintiff has suffered severe physical, mental and emotional distress and physical disfigurement.  In addition to his pain and suffering to date, both physical and mental, Plaintiff will continue to suffer such pain and suffering both mental and physical in the future; and has been, and will be, permanently impaired in his enjoyment of life.

8. As a further direct and proximate result of Defendants' negligence, Plaintiff received necessary and reasonable medical treatment and incurred medically necessary and reasonable medical expenses in the approximate amount of $13,465.22 to date.

9. As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained lost income/wages in the approximate amount of $6,300.00 to date and will likely sustain wage losses in the future.

WHEREFORE Plaintiff prays judgment against Defendants Reynolds County and Randy Cash in an amount in excess of $75,000, exclusive of interest and costs and for such other and further relief as the Court deems proper under the circumstances.

## COUNT II – NEGLIGENCE – RESPONDEAT SUPERIOR

10. Plaintiff hereby adopts the allegations set forth in paragraphs 1 through 10, the same as if fully set forth herein.

11. At all relevant times Defendant Randy Cash was the agent, servant and/or employee of Reynolds County.

12. Each of Defendant Randy Cash's breaches of his duty of care to Plaintiff and his negligent acts as set forth above occurred within the scope and course of his agency or employment relationship with Reynolds County.

13. Sovereign immunity does not apply to Plaintiff's claims against Defendant Reynolds County in that Plaintiff's injuries directly resulted from the negligent act of a public employee arising out of the operation of a motor vehicle or motorized vehicle within the course of that person's employment.

14. Sovereign immunity does not apply to Plaintiff's claims against Defendant Reynolds County in that, on information and belief, Defendant Reynolds County has obtained liability insurance that is responsive to this claim and has waived sovereign immunity at least to the extent of said insurance.

15. Sovereign immunity does not apply to Plaintiff's claims in that, on information and belief, Plaintiff's injuries were the result of a dangerous condition of property caused by the negligence of Defendant's employee Randy Cash.

16. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe injuries to his face, including fractures to his left cheek and nose, lacerations to his lips, injuries to his teeth and significant nerve damage to his face.  As a further result of said injuries, Plaintiff has suffered severe physical, mental and emotional distress and physical disfigurement.  In addition to the pain and suffering to date, Plaintiff will continue to suffer such pain and suffering both mental and physical in the future; and has been, and will be, permanently impaired in his enjoyment of life.

17. As a further direct and proximate result of Defendants' negligence, Plaintiff received necessary and reasonable medical treatment and incurred medically necessary and reasonable medical expenses in the approximate amount of $13,465.22 to date.

18. As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained lost income/wages in the approximate amount of $6,300.00 to date, and will likely sustain wage losses in the future

WHEREFORE Plaintiff prays judgment against Defendants Reynolds County and Randy Cash in an amount in excess of $75,000, exclusive of interest and costs and for such other and further relief as the Court deems proper under the circumstances.

    Respectfully submitted,

    DOWD & DOWD, P.C.

BY:   /s/ Douglas P. Dowd
       DOUGLAS P. DOWD (8339)
       LIA OBATA DOWD (5233086)
       Attorneys for Plaintiff
       100 North Broadway, Suite 1600
       St. Louis, Missouri   63102
       (314) 621-2500
       Fax No. (314) 621-2503
       doug@dowdlaw.net
       lia@dowdlaw.net